UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| JENNIFER HART, on behalf of JMH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:21-cv-462-PPS |
| | ) | |
| KILOLO KIJAKAZI, | ) | |
| Commissioner of | ) | |
| Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**<u>OPINION AND ORDER</u>**

Jennifer Hart has appealed from an administrative law judge's denial of her daughter's application for Social Security supplemental security income. She claims that the ALJ committed two errors which require a reversal of her decision, but I will limit my discussion to one: whether the ALJ erred in failing to discuss or analyze the evaluating psychologist's opinion. Because the ALJ barely mentioned let alone analyzed the psychologist's opinion, I will REVERSE the ALJ's decision and REMAND on this issue.

**Background**

Jennifer Hart filed an application for supplemental security income on behalf of JMH, her minor daughter. The application was filed on May 21, 2020 and claimed that JMH was disabled beginning on August 12, 2005, the day she was born. [A.R.[1] 15.]

---

[1] The Administrative Record (A.R.) in this case is found at Docket Entry # 11. Citations

JMH's claims were denied initially and denied again upon reconsideration. After that, Hart had a telephonic hearing before an Administrative Law Judge on April 27, 2021, On June 10, 2021, the ALJ issued her written decision denying benefits. The Social Security Appeals Council later denied her request for review. Hart now seeks review of that decision.

In the written decision, the ALJ determined that JMH was an adolescent on the date the application was filed and on the date of the decision. The ALJ then determined that JMH has the severe impairments of generalized anxiety disorder, attention-deficit hyperactivity disorder, autism spectrum and sensory processing disorder, and post-traumatic stress disorder. [A.R. 16.] The ALJ then determined that JMH did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments, and JMH did not have an impairment or combination of impairments that functionally equaled the severity of the listings. [A.R. 16-17.] The ALJ found JMH had less than marked limitation in the six functional equivalence domains. As a result, the ALJ found that JMH has not been disabled since May 21, 2020, the date the application was filed. [A.R. 24.]

JMH's medical issues are described in comprehensive fashion in the ALJ's opinion and need not be recited in their entirety here. [A.R. 16-24].

## Discussion

In a Social Security disability appeal, my role as district court judge is limited. I

are to the page number in the lower right-hand corner of the A.R.

do not review evidence and determine whether a claimant is disabled and entitled to benefits. Instead, I review the ALJ's written decision to determine whether the ALJ applied the correct legal standards and whether the decision's factual determinations are supported by substantial evidence. *Shideler v. Astrue*, 688 F.3d 306, 310 (7th Cir. 2012). If substantial evidence supports the ALJ's factual findings, they are conclusive. *Id.*; 42 U.S.C. §405(g). "Substantial evidence" means more than a "scintilla" of evidence, but less than a preponderance of the evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "Evidence is substantial if a reasonable person would accept it as adequate to support the conclusion." *Young v. Barnhart*, 362 F.3d 995, 1001 (7th Cir. 2004). My review is guided by the principle that while "[t]he ALJ is not required to address every piece of evidence or testimony presented, but must provide a 'logical bridge' between the evidence and the conclusions so that [I] can assess the validity of the agency's ultimate findings and afford the claimant meaningful judicial review." *Jones v. Astrue*, 623 F.3d 1155, 1160 (7th Cir. 2010). Given this modest standard, the review is a light one, but of course I cannot "simply rubber-stamp the Commissioner's decision without a critical review of the evidence." *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000). "[T]he decision cannot stand if it lacks evidentiary support or an adequate discussion of the issues." *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005) (quoting *Lopez ex rel. Lopez v. Barnhart,* 336 F.3d 535, 539 (7th Cir. 2003)).

JMH claims that the ALJ erred in failing to evaluate the medical opinion of her treating psychologist, Dr. Souder, which was rendered in October 2019. [DE 16 at 8-10.]

The Commissioner responds by arguing that Dr. Souder's opinion was written prior to the May 21, 2020, application date and is therefore outside of the relevant period and need not be explicitly considered. [DE 18 at 4.]

For claims filed on or after March 27, 2017, the regulations for how an ALJ must evaluate medical opinion evidence has changed. Revisions to Rules Regarding the Evaluation of Medical Evidence, 2017 WL 168819, 82 Fed. Reg. 5844-01 (Jan. 18, 2017); 20 C.F.R. § 416.920c. The new regulations provide that an ALJ will no longer "give any specific evidentiary weight … to any medical opinion(s) …" Revisions to Rules, 2017 WL 168819, 82 Fed. Reg. 5844, at 5867-68; *see* 20 C.F.R. §416.920c(a). Instead, the ALJ must consider and evaluate the persuasiveness of all medical opinions or prior administrative medical sources' findings. 20 C.F.R. §415.920c(a) and (b). The factors for evaluating the persuasiveness of medical opinions and prior administrative medical findings include supportability, consistency, relationship with the claimant, specialization, and "other factors that tend to support or contradict a medical opinion or prior administrative medical finding." 20 C.F.R. § 416.920c(c)(1)-(5). Supportability and consistency are the most important factors to be considered. 20 C.F.R. § 416.920c(b)(2).

JMH was found not to be disabled in a previous decision dated June 3, 2019. [A.R. 15.] That decision is res judicata and stands as a finding that JMH was not disabled as of June 3, 2019. While evidence predating June 3, 2019, may be considered, I must accept the Commissioner's decision that JMH was not disabled as of that date. *See Groves v. Apfel*, 148 F.3d 809, 810 (7th Cir. 1998).

The ALJ must consider all relevant evidence in the record. SSR 96-8p, 1996 SSR LEXIS 5, *5, 1996 WL 374184, at *5 (July 2, 1996); 20 C.F.R. § 416.945(a)(1). While the Commissioner asserts that the October 2019 opinion is outside of the relevant period for SSI, that argument is just a little too facile. The opinion and the evaluations leading to the opinion all occurred after the previous June 3, 2019, decision finding JMH not disabled. The regulations require that the ALJ review all of the evidence relevant to a claim, and the regulations do not require the evidence to be created after the application date. 20 C.F.R. § 416.920c(b). Evidence of progressive diseases or long-term medical issues may exist prior to the application date, and this evidence may be relevant to future time periods. Even evidence from a previous proceeding may be used to support later evidence affirming the condition and disability. *Groves*, 148 F.3d at 810. "Although *Groves* was an issue of res judicata, the logic remains – a totality of the evidence is necessary when evaluating a claimant's disability." *Yvonne S. v. Berryhill*, No. 3:19-cv-110, 2019 WL 4126681, at *7 (N.D. Ind. Aug. 30, 2019).

In SSI cases, eligibility for benefits begins in the month the application is filed, which in this case is May 2020. 20 C.F.R. § 416.335. The Commissioner relies on the eligibility for benefits to find that the relevant period starts in May 2020. *See* 20 C.F.R. §§ 416.335, 416.305. But in determining whether a claimant has met the requirements to be eligible for benefits, the ALJ is obligated to develop the "complete medical history for at least 12 months preceding the month" in which the claimant filed the application unless either there is reason to believe earlier medical evidence is relevant, or if the alleged

onset date is less than 12 months prior to the application date. 20 C.F.R. § 416.912(b)(1). The regulations reiterate that a complete medical history "means the records of your medical source(s) covering at least the 12 months preceding the month in which" the claimant files her application. 20 C.F.R. §416.912(b)(1)(ii). While I must accept the prior decision's finding that she was not disabled as of June 3, 2019, any evidence of impairments and limitations between June 3, 2019, and May 2020, is still relevant to determine whether JMH was under a disability in May 2020, when she was first eligible to receive benefits.

      The Commissioner cites to *Hawkins v. Colvin*, No. 3:13-cv-53-CAN, 2014 WL 1766959 (N.D. Ind. May 1, 2014) and *Sommer v. Comm'r of Soc. Sec.*, No. 1:19-cv-492-JVB-SLC, 2020 WL 6809260 (N.D. Ind. October 30, 2020) to support the position that the ALJ is only obligated to consider evidence beginning in the month the application for SSI is filed. [DE 18 at 4-5.] But the prior evidence in those cases was much staler—five to seven years prior to the application date. *Hawkins*, 2014 WL 1766959, at *6; *Sommer*, 2020 WL 6809260, at *4-5. What's more, *Hawkins* is self-defeating to the Commissioner's position because the ALJ in that case *did* consider evidence from the two years prior to the application date and discussed the older records in the subjective symptom analysis. *Hawkins*, 2014 WL 1766959, at *6. In other words, far from helping the Commissioner's case, *Hawkins* actually undermines it.

      *Sommer* is no more helpful. The court in *Sommer* noted that the regulations require the ALJ to consider the medical records for the twelve months prior to the

application date, and the ALJ also noted this requirement in the decision. *Sommer*, 2020 WL 6809260, at *5. More importantly, the court in *Sommer* specifically held that the ALJ erred in failing to consider the records that preceded the application date. *Id.* at *5-6. The court found that the ALJ should have both considered the earlier records and "resolved any conflicts" between the earlier records and the records during the relevant period. *Id.* at *6. Thus, I am at a loss to see how *Sommer* helps the Commissioner's case. In sum, after consideration of the relevant case law and regulations, it is clear that the ALJ should have discussed Dr. Souder's evaluation and opinion and, if necessary, explain why it did not support a finding of disability during the relevant period.

Further exacerbating the error, the ALJ repeatedly relies on evidence from 2018 to support her finding that JMH is not disabled. [A.R. 17, 19, 20.] It is illogical to assert that medical evidence from 2019 is irrelevant to JMH's SSI claim yet rely on medical evidence from 2018 to prove that she is not disabled starting in May 2020. The ALJ should have discussed and analyzed Dr. Souder's opinion, even if the ALJ ultimately determined that the evidence did not reflect JMH's limitations during the relevant period.

Dr. Souder evaluated JMH on four dates in September 2019 and completed a report and opinion on October 9, 2019. [A.R. 301.] Dr. Souder observed that JMH was "extremely talkative and often talked excessively about things and had to be redirected to task." [A.R. 302.] JMH was cooperative and kind, but struggled with social skills, reciprocal communication, and understanding sarcasm and joking. [*Id.*] Dr. Souder

-7-

noted that she was easily distracted, and that she fidgeted and moved around in her seat regularly. [*Id.*] Dr. Souder also noted that she "struggled seriously with memory tasks." [*Id.*] JMH appeared to put forth her best effort on all tasks, but she "had some issues with processing directions," which she needed repeated and rephrased at times. [A.R. 302-03.]

JMH scored below average in verbal comprehension, visual spatial, and working memory on the Wechsler Intelligence Scale for children. [A.R. 303.] She scored an 84 on the Full-Scale IQ, which is in the fourteenth percentile and is in the below average range of functioning compared to other children her age. [*Id.*] Dr. Souder also evaluated JMH using the social responsiveness scale, which identifies social impairment associated with autism spectrum disorders and quantifies its severity. [A.R. 312-13.] All of JMH's scores fell into the severe range. [A.R. 313.] In the summary, Dr. Souder found that JMH struggles with social skills, reading the emotions of others, taking another person's perspective, and reciprocal communication. [*Id.*] Dr. Souder opined that JMH would need extended time on all standardized testing, and she would benefit from all directions being provided both orally and in writing, as well as rephrased as needed. [A.R. 314-15]. Dr. Souder also opined that JMH should be allowed to fidget or move around in her seat as needed, as well as allowed sensory or movement breaks throughout the day, both scheduled and as needed. [*Id.* at 315.]

The ALJ did not discuss Dr. Souder's opinion anywhere in the decision, and she only cites to the decision in passing to support findings that JMH was described as

cooperative and is able to maintain normal eye contact. [A.R. 17, 20, 23-24.] By ignoring or choosing not to accept Dr. Souder's evaluation and opinion without explanation, the ALJ failed to fulfill her obligation to articulate "how persuasive [she] find[s] all of the medical opinions" and to explain how she considered the supportability and consistency factors for the opinion as required by 20 C.F.R. § 416.920c(b). While it is possible that the ALJ may ultimately determine that Dr. Souder's opinion does not support the evidence from the relevant period, it is impossible to trace the ALJ's process without any analysis in the decision. Therefore, the ALJ's failure to discuss or analyze the opinion is in error.

Furthermore, by citing to the same single page in Dr. Souder's evaluation and opinion to support a finding of no disability, the ALJ committed another error: impermissible cherry picking of evidence. *Bates v. Colvin*, 736 F.3d 1093, 1099 (7th Cir. 2013) ("An ALJ cannot rely only on the evidence that supports her opinion."). The ALJ cites to the same page multiple times in her decision to support her finding that JMH was cooperative and maintained normal eye contact. [A.R. 17, 20, 23-24], *citing* [A.R. 302.] In her brief, JMH lists several findings from that same page of Dr. Souder's evaluation and opinion which indicate JMH has struggles with memory tasks, social skills, reciprocal communication, processing, and understanding directions. [DE 16 at 9], *citing* [A.R. 302.] Moreover, throughout the sixteen-page evaluation and opinion, Dr. Souder found that JMH showed:

> evidence of a serious impairment in her ability to think logically and coherently. Specifically in this regard, she is much less capable than most

> people of this age of coming to reasonable conclusions about relationships between events and of maintaining a connected flow of associations in which ideas follow each other in a comprehensible manner…. She demonstrates a severe impairment of her reality testing abilities, often misperceiving events and forming mistaken impressions of people and what their actions signify. This significant adaptive liability is likely to result in her frequent failure to anticipate the consequences of her actions and to misconstrue the boundaries of appropriate behavior.

[A.R. 305]. None of these opinions, nor the opinions and findings discussed above, were addressed by the ALJ. The ALJ cannot use Dr. Souder's pre-application evaluation and opinion to support her finding of a lack of disability yet choose to ignore all of the contrary evidence in the opinion. An ALJ is not required to accept all of a physician's medical opinion, but she is required to "provide a sound explanation for [her] decision to reject it." *Kemp v. Colvin*, No. 1:12-CV-190-JEM, 2013 WL 5436792, at *5 (N.D. Ind. Sept. 27, 2013) (citation and internal quotation marks omitted).

In sum, the ALJ erred in failing to properly consider Dr. Souder's evaluation and opinion. On remand, the ALJ should properly analyze the opinion and explain why the opinion does or does not support the evidence during the relevant period. Because I am remanding this case for the reasons stated above, I need not discuss the remaining issues raised by JMH. She can raise those issues directly with the ALJ on remand.

## Conclusion

For the foregoing reasons, the decision of the ALJ denying JMH's application for Social Security disability benefits is REVERSED and REMANDED for further proceedings consistent with this opinion.

ENTERED:  August 3, 2022.

<u>/s/ Philip P. Simon</u>  
PHILIP P. SIMON, JUDGE  
UNITED STATES DISTRICT COURT